IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROXANNE L. GRIMES,  )
               Plaintiff,  )
     -vs-  )   Civil Action No. 15-113E
CAROLYN W. COLVIN,  )
COMMISSIONER OF SOCIAL SECURITY,  )
               Defendant.  )

AMBROSE, Senior District Judge

## **OPINION**

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 9 and 11). Both parties have filed briefs in support of their motions. (ECF Nos. 10 and 12). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Plaintiff's Motion for Summary Judgment (ECF No. 9) and denying Defendant's Motion for Summary Judgment. (ECF No. 11).

**I. BACKGROUND**

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") pursuant to the Social Security Act ("Act"). Plaintiff filed her applications alleging she has been disabled since July 13, 2011. (ECF No. 7-5, pp. 5, 10). Administrative Law Judge ("ALJ"), Douglas Cohen, held a hearing on September 24, 2013. (ECF No. 7-2, pp. 28-69). On November 8, 2013, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 7-2, pp. 13-23).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 9 and 11). The issues are now ripe for review.

1

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the

impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. ALJ's Interpretation of Medical Records Submitted After the Agency's Review

Plaintiff argues that while the ALJ purports to base his decision on the opinion of a non-examining state agency doctor, "the reality is that the reviewing consultant did not have access to an abundance of evidence subsequently developed." (ECF No. 10, p. 3). Plaintiff submits that "there is simply no way to know what the reviewer would have opined had he reviewed the complete file." *Id.* At the very least, Plaintiff continues, the ALJ erred in failing "to explain why a physician was not needed to assess Ms. Grimes' functional abilities in light of the additional records." *Id.* at p. 6. Thus, Plaintiff contends that the ALJ's reliance on the consultant's opinion is not supported by substantial evidence. (ECF No. 10). To be clear, Plaintiff is not arguing that the ALJ erred in relying on this opinion simply because time elapsed. *Id.* Rather, Plaintiff submits that significant treatment took place after that opinion was issued

rendering it stale and incomplete. *Id.* Consequently, Plaintiff suggests that remand is warranted. *Id.* After a review of the evidence, I agree.

State agency opinions merit significant consideration. *See* SSR 96–6p ("Because State agency medical and psychological consultants ... are experts in the Social Security disability programs, ... 20 C.F.R. §§ 404.1527(f) and 416.927(f) require [ALJs] ... to consider their findings of fact about the nature and severity of an individual's impairment(s)...."). Moreover, an ALJ is entitled to rely upon the findings of an agency evaluator even if there is a lapse of time between the report and the hearing. *Chandler v. Comm'r of Soc. Sec.,* 667 F.3d 356, 361 (3d Cir. 2012) ("The Social Security regulations impose no limit on how much time may pass between a report and the ALJ's decision in reliance on it. Only where 'additional medical evidence is received that in the opinion of the [ALJ] ... may change the State agency medical ... consultant's finding that the impairment(s) is not equivalent in severity to any impairment in the Listing,' is an update to the report required. SSR 96–6p.).

In this case, the ALJ gave great weight to the non-examining state agency opinion that was 16 months old at the time of his determination. (ECF No. 7-3, pp. 2-21; No. 7-2, p. 23). That, in and of itself, is not an issue. *See, Chandler,* 667 F.3d at 361. What is troubling, however, is that a significant amount of treatment was rendered after July 6, 2012, which can be read to indicate that Plaintiff's condition deteriorated (including injuries resulting from a motor vehicle accident in January of 2013). *See,* Exhibits 15F – 21F (ECF Nos. 7-16 through 7-25). Further, the ALJ in this case did not consider these additional records when determining the severity of Plaintiff's impairments or if they meet or medially equal a Listing. (ECF No. 7-2, pp. 15-17). "[O]ther courts have been disinclined to uphold the denial of benefits when the ALJ relied upon an outdated report of a non-treating physician, and there was evidence on the record that the claimant's condition deteriorated after the report was prepared." *Link v. Soc. Sec. Disability*, No. 13-812, 2014 WL 3778320, at *11 (W.D. Pa. July 30, 2014), *citing, Griffies v. Astrue,* 855

4

F.Supp.2d 257 (D.Del.2012) (recognizing that non-treating sources should be 'evaluated to the degree to which these opinions consider all of the pertinent evidence in [the] claim.') and *Foley v. Barnhart,* 432 F.Supp.2d 465 (M.D.Pa. 2005); *Nolan v. Astrue,* No. 10-1639, 2011 WL 3651152, at *19 (W.D. Pa. Aug. 18, 2011), citing *Cadillac v. Barnhart,* 84 Fed. Appx. 163, 168-69 (3d Cir. 2003). Based on the same, I find remand is warranted on this issue.

The regulations make clear that it is the Plaintiff's burden to prove that he/she is disabled, which means the plaintiff has the duty to provide medical and other evidence showing that he/she has an impairment(s) and how severe it is. 20 C.F.R. §416.912(a-c). This burden does not shift to the ALJ. Nonetheless, an ALJ has the duty to develop the record sufficiently to make a determination of disability. *Ventura v. Shalala,* 55 F.3d 900 (3d Cir. 1995); 20 C.F.R. §416.912(d). Thus, on remand, the ALJ is instructed to order a current consultative examination of Plaintiff.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROXANNE L. GRIMES, )
)
        Plaintiff, )
)
  -vs- ) Civil Action No. 15-113E
)
CAROLYN W. COLVIN, )
COMMISSIONER OF SOCIAL SECURITY, )
)
        Defendant. )

AMBROSE, Senior District Judge

## **ORDER OF COURT**

THEREFORE, this 21st day of January, 2016, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 9) is granted and Defendant's Motion for Summary Judgment (Docket No. 11) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further administrative proceedings consistent with the foregoing opinion.

                BY THE COURT:

                s/ Donetta W. Ambrose
                Donetta W. Ambrose
                United States Senior District Judge